United States District Court
Southern District of Texas
**ENTERED**
April 22, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KELVIN BOLDON, (TDCJ #208490)  Petitioner,  v.  BOBBY LUMPKIN,  Respondent. | § § § § § § § § § § § CIVIL ACTION NO. 4:21-cv-3396 |

**MEMORANDUM OPINION AND ORDER**

Kelvin Boldon is a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ). Boldon has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge the result of a prison disciplinary proceeding. The respondent, Bobby Lumpkin, moves for summary judgment, and Boldon has responded.

Based on careful consideration of the pleadings, the motion, the record, and the applicable law, the Court finds that there are no genuine factual disputes material to deciding the claims and that the respondent is entitled to summary judgment as a matter of law. The reasons are explained below.

**I.    Background**

In August 2016, Boldon was convicted of aggravated assault of a family member with a deadly weapon in Tarrant County (Cause No. 1435267D) and sentenced to a 13-

year prison term.[1]  Boldon does not challenge this conviction here.  Instead, he challenges a prison disciplinary conviction received at the Pack Unit, where he is incarcerated.

Boldon was charged with assaulting an officer, without a weapon, which resulted in no injury, in TDCJ Disciplinary Case #20210111968. (Dkt. 9-1, at 3).  After a hearing on February 10, 2021, Boldon was found guilty of the violation. (Dkt. 9-1, at 3).  As punishment, the hearing officer ordered Boldon's classification status reduced from S3 to L1, and restricted his commissary, recreation, and telephone privileges for 45 days. (Dkt. 9-1, at 3).  The hearing officer also ordered Boldon to forfeit 100 days of previously earned good-time credit. (Dkt. 9-1, at 3).  Boldon filed a step 1 and step 2 grievance to challenge the conviction, but his appeal was unsuccessful. (Dkt. 9-2, at 3–6).

Boldon now seeks federal habeas corpus relief from his disciplinary conviction.  He raises the following grounds for relief:

1. The disciplinary proceedings violated his due process rights.

2. The charging officer failed to report his excessive use of force, in violation of TDCJ's policies and procedures.

3. TDCJ officers conspired to charge Boldon with a false disciplinary violation.

(Dkt. 1, at 5–8).  Boldon seeks an audit of the Pack Unit's disciplinary hearing officer and proceedings, an investigation into his own disciplinary case, and the reversal of his disciplinary case.

---

[1] At the time of filing, Boldon was also serving a 12-year sentence for a 2009 conviction for burglary of a habitation (Harris County Cause No. 1190276).

## II. The Summary Judgment Standard

Summary judgment is proper when the record shows no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In ordinary civil cases, a district court considering a motion for summary judgment must construe disputed facts in a light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."). "As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000). However, a court on summary judgment must view the evidence through "the prism of the substantive evidentiary burden." *Anderson*, 477 U.S. at 254. The Court applies general summary judgment standards to the extent they do not conflict with the habeas rules. *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002) ("[Rule 56] applies only to the extent that it does not conflict with the habeas rules."), *abrogated on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

Boldon is representing himself. Self-represented habeas petitions are construed liberally and are not held to the same stringent and rigorous standards as pleadings lawyers file. *See Martin v. Maxey*, 98 F.3d 844, 847 n.4 (5th Cir. 1996); *Guidroz v. Lynaugh*, 852 F.2d 832, 834 (5th Cir. 1988); *Woodall v. Foti*, 648 F.2d 268, 271 (5th Cir. Unit A June 1981).

## III. Analysis

For the reasons set out below, Boldon fails to state an actionable basis for federal habeas relief under 28 U.S.C. § 2254.

### A.   The Loss of Privileges and Reduction in Line-Class Status

An inmate's rights in the prison disciplinary setting are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). Although the disciplinary conviction at issue resulted in restrictions on commissary, recreation, and telephone privileges, as well as a reduction in classification status, sanctions that are "merely changes in the conditions of [an inmate's] confinement" do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Limits on commissary, recreational, and telephone privileges are the type of sanctions that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. *See id.* Reductions in a prisoner's custodial classification and the potential impact on good-time credit earning ability are too attenuated to be protected by the Due Process Clause. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995); *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995). To the extent Boldon challenges the loss of these privileges and the reduction in his line-class status—which do not impact the fact or duration of his confinement—his petition does not raise an actionable claim.

### B.   The Loss of Good-Time Credits

Boldon's disciplinary case also resulted in the loss of 100 days of good-time credit. The respondent argues that Boldon is ineligible for mandatory supervision and, therefore, does not have a constitutionally protected interest in his lost good-time credit. (Dkt. 8, at 8–9).

The loss of good-time credit implicates a liberty interest. However, a Texas prisoner is only entitled to due process in the prison disciplinary context when the disciplinary

4

punishment includes a loss of good-time credit and the prisoner is eligible for release on mandatory supervision. *See Malchi*, 211 F.3d at 957–59. Boldon cannot demonstrate a constitutional violation in this instance because he is not eligible for mandatory supervision. *See* Tex. Gov't Code Ann. § 508.149(a)(7) (excluding prisoners convicted of aggravated assault from eligibility for mandatory supervision); Tex. Gov't Code Ann. § 508.149(a)(13) (excluding prisoners convicted of burglary from eligibility for mandatory supervision); *see also Ex parte Thompson*, 173 S.W.3d 458, 459 (Tex. Crim. App. 2005) ("The statute in effect when the holding offense is committed determines an inmate's eligibility for release on mandatory supervision or parole."). This is fatal to Boldon's claims. *See Malchi*, 211 F.3d at 957–58. Because Boldon is ineligible for mandatory supervision, his loss of 100 days' good-time credit does not present a liberty or due process concern, and his petition is without merit.

## IV. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 276 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S.

322, 336 (2003) (quoting *Slack*, 529 U.S. at 484). When relief is denied based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

This Court concludes that jurists of reason would not debate the procedural rulings in this case or debate whether Boldon stated a valid claim for relief. A certificate of appealability will not issue.

### V. Conclusion and Order

Based on the foregoing, the Court **ORDERS** as follows:

1. The respondent's motion for summary judgment (Dkt. 8) is **GRANTED**.

2. The habeas corpus petition is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

3. Any and all remaining pending motions are **DENIED AS MOOT**.

4. A certificate of appealability is **DENIED**.

SIGNED at Houston, Texas, on _____ APR 2 2 2022 _____.

ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE